IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK J. THORNTON,          :

        Petitioner,

   v.          :

UNITED STATES OF AMERICA,

        Respondent.          :

Case Nos. 3:05-cr-184, 3:11-cv-117

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #291);
OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #292);
DISMISSING WITH PREJUDICE PETITIONER'S AMENDED MOTION TO
VACATE CONVICTIONS AND SENTENCES PURSUANT TO 28 U.S.C.
§ 2255 (DOC. #266); DENYING CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO
ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER;
TERMINATION ENTRY

---

Following a jury trial, Petitioner Mark Thornton was convicted of conspiracy
to possess with intent to distribute in excess of five kilograms of powder cocaine
and fifty grams of crack cocaine, possession with intent to distribute in excess of
five hundred grams of cocaine, and possession of a firearm in furtherance of a drug
trafficking crime.  Because of Petitioner's prior felony drug convictions, this Court
sentenced him to life in prison on the conspiracy charge.  He was also given a
concurrent 264-month sentence on the cocaine possession charge, and a
consecutive 60- month sentence on the firearm charge.  The Sixth Circuit Court of

Appeals affirmed the convictions. *United States v. Thornton*, 609 F.3d 373 (6th Cir. 2010).

Petitioner filed an Amended Motion to Vacate Convictions and Sentences Pursuant to 28 U.S.C. § 2255, asserting seventeen grounds for relief. Doc. #266. An evidentiary hearing was held on Grounds for Relief Three, Four, Five, and Six, each alleging ineffective assistance of trial counsel. On June 23, 2014, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, recommending that the Amended Motion to Vacate be dismissed with prejudice in its entirety, and that the Court deny a certificate of appealability and leave to proceed *in forma pauperis* on appeal. Doc. #291. Petitioner filed timely Objections to the Report and Recommendations. Doc. #292. He argues that the Magistrate Judge erred in recommending the dismissal of Grounds Three, Four, Five, and Six with prejudice, and in recommending the denial of a certificate of appealability.

Based on the reasoning and citations of authority set forth by the Magistrate Judge in his Report and Recommendations (Doc. #291), as well as upon a thorough *de novo* review of this Court's file, the trial transcript, and the applicable law, this Court ADOPTS said judicial filing in its entirety, and OVERRULES Petitioner's Objections thereto (Doc. #292).

In order to succeed on a claim of ineffective assistance of trial counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is "a strong presumption that counsel's conduct falls within a wide range of

2

reasonable professional assistance." *Id.* at 689.  Moreover, in order to establish

prejudice, Petitioner must show that, "but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Id.* at 694.

In his Objections, Petitioner maintains that his counsel's performance was

deficient in four respects: (1) he failed to investigate or interview possible defense

witness Ghmall Marshall; (2) he refused to allow Petitioner to testify in his own

defense; (3) he presented a buyer-seller defense without preparation or supporting

evidence; and (4) he focused solely on a plea bargain, and threatened to withdraw

if Petitioner proceeded to trial.

The Magistrate Judge properly found that counsel's strategic choice not to

interview Marshall or call him to testify was reasonable, given the substance of his

proposed testimony.  The Government's case was based on substantial evidence

of Petitioner's ties to the drug trafficking conspiracy.  It was not dependent on an

inference that, because Petitioner had no other legitimate source of income, he

must be selling drugs.  Therefore, Marshall's proposed testimony was of little use

in rebutting the Government's case.  Moreover, because Marshall could not testify

that he had recently observed Petitioner using drugs, his testimony would not

support a buyer-seller defense.

As the Magistrate Judge noted, Petitioner's allegations that his attorney

failed to discuss with him the pros and cons of testifying in his own defense are

contradicted by the record.  Petitioner admitted that he knew that he had the right

to testify in his own defense and, after consulting with his attorney, had chosen

3

not to testify. Petitioner argues that his waiver cannot be considered voluntary in light of the intimidation he felt at the time.

Even if Petitioner could establish that his attorney's performance was deficient in some respect, he cannot show that there is a reasonable probability that, but for the attorney's alleged error, the result of the proceedings would have been different. At trial, the Government presented numerous credible witnesses who testified about Petitioner's participation in the drug trafficking conspiracy, his possession with intent to distribute cocaine, and his possession of firearms. Even if evidence of Petitioner's prior drug convictions could arguably support his buyer-seller defense, it cannot be said that the result of the proceedings would have been different if only Petitioner had testified in his own defense. The evidence of his involvement in the conspiracy was, as his own attorney admitted, overwhelming.

With respect to the buyer-seller defense, there appears to be little or no available evidence, other than Petitioner's own testimony, to support a finding that Petitioner was an active drug user and was present at the house only to purchase drugs for his own use.

Petitioner's attorney admits that he focused his efforts on plea negotiations rather than trial preparation. This focus was not objectively unreasonable in light of the substantial evidence against his client and the relative weakness of any possible defense. There is conflicting testimony about whether Petitioner's attorney threatened to withdraw from representation if Petitioner chose to proceed to trial. The Magistrate Judge found the attorney's testimony to be more credible,

4

given the attorney's admission that he knew that the Court would not require Petitioner to proceed to trial without an attorney. In any event, even if defense counsel made the alleged threats and even if he did not adequately prepare a defense in anticipation of trial, Petitioner has failed to show that, but for counsel's alleged ineffective assistance, the results of the proceedings would have been different.

For these reasons, the Amended Motion to Vacate Convictions and Sentences Pursuant to 28 U.S.C. § 2255 (Doc. #266) is DISMISSED WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, Petitioner is denied a certificate of appealability. Given that any appeal from this Court's decision would be objectively frivolous, Petitioner is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned cases are hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

5

Date: August 14, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

6